UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRADLEY PULLEY KILLIAN, III,

            Petitioner,

v.

SUPERIOR COURT, JUDGE BRIAN TOLLEFSON,

           Respondents.

No. C12-5983 BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. On November 14, 2012, Petitioner Bradley Pulley Killian, III filed a "Declaration and Application to Proceed In Forma Pauperis In A Federal Habeas Action." ECF No. 1. Mr. Killian did not, however, file a habeas petition. Instead, he filed a "Motion for Review" in which he seeks this Court's review of decisions made in the Pierce County Superior Court in Plaintiff's ongoing state court criminal case. ECF No. 1-1. He claims that he is entitled to dismissal of the criminal prosecution against him due to governmental misconduct and manifest abuse of power. ECF NO. 1-2.

The Court will direct the Court Clerk to send appropriate forms to Petitioner so that he may file a habeas petition. However, if Petitioner chooses to file a habeas petition, he should be aware that the appropriate Respondent in a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States,* 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman,* 875 F.2d 244, 249 (9th Cir. 1989). According to his filings,

ORDER TO AMEND OR SHOW CAUSE - 1

Petitioner is currently confined in the Pierce County Jail. Therefore, the proper respondent is the superintendent of that jail.

Petitioner is also advised that this Court lacks jurisdiction to intervene and/or challenge the propriety of ongoing proceedings in Pierce County Superior Court. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45 46 (1971); see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus before the jury comes in, judgment has been appealed from and the case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972). See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54.

In addition, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the

ORDER TO AMEND OR SHOW CAUSE- 2

1  exhaustion requirement by providing the highest state court with a full and fair opportunity to
2  consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270,
3  276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation
4  of claims to the state court requires "full factual development" of the claims in that forum.
5  *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). A federal claim is "fairly and fully" presented
6
7  to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper
8  vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v.*
9  *Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must
10 alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully
11 present the legal basis of the claim." *Id.*
12
    The claim must be fairly presented in "each appropriate state court," that is, at each level
13
14 of state review, so as to alert the state "to the federal nature of the claim," and to give it the
15 "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights.
16 *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see
17 also *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim,
18 furthermore, must be made "explicit" in the state appeal or petition, "either by specifying
19 particular provisions of the federal Constitution or statutes, or by citing to federal case law."
20
21 *Insyxiengmay*, 403 F.3d at 668; *Baldwin*, 541 U.S. at 33.
    Here, it appears that Mr. Killian's state court case is not yet concluded, the he has not yet
22
23 been convicted, and has not appealed any conviction in the Washington courts of appeal. Mr.
24 Killian's request for dismissal of his case is therefore, premature. His grounds for relief must
25 first be properly exhausted in state court.
26

ORDER TO AMEND OR SHOW CAUSE- 3

1  Accordingly, the Court shall take no action on Mr. Killian's proposed Motion for Relief.
2  Mr. Killian may file by no later than **December 21, 2012,** a federal habeas petition under 28
3  U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state
4  court or show cause why this matter should not be dismissed. The Clerk shall send a copy of this
5  Order and the appropriate form for filing a habeas petition.

DATED this 29th day of November, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 4