UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRADLEY PULLEY KILLIAN, III,<br><br>                Petitioner,<br><br>    v.<br><br>SUPERIOR COURT, JUDGE BRIAN TOLLEFSON,<br><br>                Respondents. | No. C12-5983 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted For:  February 15, 2013 |

Petitioner Bradley Pulley Killian, III, is currently confined at the Pierce County Jail and is filing *pro se*. He has been granted leave to proceed *in forma pauperis*. ECF No. 3. On November 14, 2012, Petitioner filed a "Declaration and Application to Proceed in Forma Pauperis in a Federal Habeas Act." ECF No. 1. Petitioner did not, however, file a habeas petition. Instead, he filed a "Motion for Review" in which he seeks this Court's review of decisions made in the Pierce County Superior Court in his ongoing state court criminal case. ECF No. 4. Petitioner claims that he is entitled to dismissal of the criminal prosecution against him due to governmental misconduct and manifest abuse of power. *Id.*

On November 30, 2012, the Court reviewed the "motion for review" and ordered Petitioner to show cause why this action should not be dismissed. Alternatively, Petitioner was sent a form 2254 habeas petition for filing an amended petition. ECF No. 5. On the same day, Petitioner filed a Motion to Dismiss (State Court Action). ECF No. 6. That motion was denied. ECF No. 7. To this date, Petitioner has not filed a viable habeas petition or otherwise responded to the Court's Order (ECF No. 5).

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Petitioner claims that two Pierce County Superior Court judges, the district attorney, and his defense counsel, have denied him access to the courts by failing to adjudicate motions that he has filed and have denied him "conflict free counsel."  He also claims that his rights to a speedy trial, freedom of religion, counsel of choice, due process, and equal protection have been violated.  ECF No. 4-1.  In its Order to Amend or Show Cause (ECF No. 5) the Court advised Petitioner that his filing was deficient but allowed him an opportunity to re-plead or show cause why this action should not be dismissed.  He has failed to do so.  His petition, as filed, is deficient and must be dismissed.

First, Petitioner failed to name the appropriate respondent in his petition.  The appropriate respondent in a habeas petition is the "person who has custody over [the petitioner].  28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States,* 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman,* 875 F.2d 244, 249 (9th Cir. 1989).  According to his filings, Petitioner is currently confined in the Pierce County Jail.  Therefore, the proper respondent is the superintendent of the jail.  ECF No. 5, pp. 1-2.  However, even if Petitioner were to amend his petition to name a proper respondent, the petition here could not proceed because Petitioner is attempting to challenge the propriety of ongoing proceedings in Pierce County Superior Court.

Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  *See Younger v. Harris*, 401 U.S. 37, 45 46 (1971); *see also Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), *cert. denied*, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820

REPORT AND RECOMMENDATION - 2

F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus before the jury comes in, judgment has been appealed from and the case concluded in the state courts.  *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972).  *See Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980).  Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief.  *Younger*, 401 U.S. at 46, 53-54.

There are no extraordinary circumstances here warranting intervention by this Court in any ongoing state proceeding.

In addition, Petitioner was advised that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1). Prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

REPORT AND RECOMMENDATION - 3

State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

**CONCLUSION**

Petitioner was previously advised that he had failed to file a viable habeas petition. He was given an opportunity to show cause why his petition should not be dismissed or to file an amended petition. He failed to do so. This Court lacks jurisdiction to intervene and/or challenge the propriety of ongoing proceedings in Pierce County Superior Court. Accordingly, it is recommended that this case **dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 15, 2013,** as noted in the caption.

**DATED** this   28th   day of January, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4